UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA ARGABRITE,

    Plaintiff,

vs.

MIAMI TOWNSHIP BOARD OF
TRUSTEES, *et al.*,

    Defendants.

Case No. 3:12-cv-229

Judge Timothy S. Black

**ORDER THAT: (1) DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. 10) IS GRANTED IN PART AND DENIED IN PART AS MOOT; (2) PLAINTIFF'S MOTION FOR PARTIAL DISMISSAL AND REMAND (Doc. 15) IS GRANTED IN PART AND DENIED IN PART; AND (3) THIS CASE IS TERMINATED FROM THE DOCKET OF THIS COURT**

This civil action is before the Court on Defendants'[1] motion to dismiss (Doc. 10), Plaintiff's motion for partial dismissal and remand (Doc. 15), and the parties' responsive memoranda (Docs. 14, 16).

**I.    BACKGROUND FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF**

On July 11, 2011, Plaintiff Pamela Argabrite's vehicle was collided into by a vehicle driven by Andrew Barnhart, who was being pursued in a high speed chase by several officers from the Miami Township Police Department and the Montgomery County Sheriff's Department. (Doc. 1 at ¶¶16 -19). The officers were chasing Barnhart due their suspicions of his involvement in a burglary. (*Id*. at ¶17). Defendant Julie

---

[1] Defendants who move for dismissal include the Montgomery County Board of Commissioners ("BCC"), Phil Plummer, and Julie Stephens. The remaining Defendants are: Miami Township Board of Trustees, John Krug, Jim Neer, and Gregory Stites.

Stephens, who was employed by the Montgomery County Sheriff's Department, authorized the chase by other employees of the Montgomery County Sheriff's Department, whose names are unknown at this time. (*Id*. at ¶ 39). As a result of the collision, Plaintiff was severely injured and hospitalized for a period of time. Plaintiff has brought this action to recover for her injuries.

The BCC, Plummer, and Stephens have moved to dismiss the claims against them in their entirety. Plaintiff has separately moved this Court for an order to dismiss the specific claims in her Complaint based upon 42 U.S.C. §1983 and to remand this case to the Montgomery County Court of Common Pleas.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*,

550 U.S. at 555).  In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III.  ANALYSIS

#### A.  1983 Claims

Plaintiff has requested this Court to dismiss her federal claims (Counts I and II) without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  Defendants have no objection to the dismissal of the §1983 claims without prejudice.[2]

---

[2] The Complaint failed to identify any specific Constitutional provisions or federal laws allegedly violated by Defendants' conduct other than the generic reference to "the laws and Constitution of the United States, in particular 42 U.S.C. §1983." (Doc. 1 at ¶ 28). Accordingly, the Complaint fails to allege that the actions of the officers conducting the pursuit rose to the level of a federal constitutional violation actionable under Section 1983.  Therefore, the failure to train claims in Count II fail because "there must be a constitutional violation for there to be a §1983 municipal liability" for failure to train. *Spears v. City of Lousiville*, No. 93-5921, 1994 U.S. App. LEXIS 14969, at *3 (6th Cir. June 14, 1994).

### B. Montgomery County Board of Commissioners

BCC submits that it is entitled to be dismissed from this action with prejudice because it has no authority to operate or control the office of the Montgomery County Sheriff.[3]  The Complaint alleges misconduct on the part of various employees of the Montgomery County Sheriff's Office, but no factual allegations of wrongdoing are made against the BCC or its individual members.  By naming the BCC as a defendant in this lawsuit, Plaintiff alleges that the BCC has supervision or control over the operations of the Sheriff's Office.  (Doc. 1 at ¶¶ 6, 7, 12, 15, 30, 34).  However, the office of the board of county commissioners of any county in Ohio is created by virtue of the authority contained in Chapters 305 and 307 of the Ohio Revised Code.  The office of the sheriff of any county, a separate and distinct elective office (Ohio Rev. Code § 311.01(A)), is created pursuant to Chapter 311 of the Ohio Revised Code.  Nowhere in Chapters 305 or 207 is a board of county commissioners authorized to employ sheriffs or deputy sheriffs or control their activities.  Therefore, the actions of the county sheriff's office are not subject to review by the board of county commissioners.  *Roseborough v. City of Trotwood*, No. 3:06cv129, U.S. Dist. Court, S.D. Ohio (2006).

In the instant case, the BCC had no involvement in or control over any of the events alleged in the Complaint.  Accordingly, the BCC is entitled to dismissal with prejudice.

---

[3] Plaintiff did not file any opposition to this request.

### C. Remand

Plaintiff requests that this Court dismiss her Section 1983 claims without prejudice and remand her remaining state law claims (Count III) to the Montgomery County Common Pleas Court.

The Court finds that no basis exists to remand the remaining claims to the Common Pleas Court. When federal claims are dismissed in a federal lawsuit, and the court declines to exercise jurisdiction over the remaining state claims, "if [the state claims] are to be pursued, [they] must be refiled in state court." *Jinks v. Richland Cnty., South Carolina*, 538 U.S. 456, 459 (2003). The only exception to this rule is when the lawsuit was originally filed in state court and subsequently removed to federal court. *See, e.g., Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). The case at bar was filed in this Court, and therefore the Court has no basis to remand the remaining state law claims.

## IV. CONCLUSION

Accordingly, for the reasons stated here:

1. Defendants' motion to dismiss (Doc. 10) is **GRANTED IN PART and DENIED IN PART** as **MOOT**;

2. Plaintiff's motion for partial dismissal and remand (Doc. 15) is **GRANTED IN PART and DENIED IN PART**;

Specifically:

3. Plaintiff's claims under 42 U.S.C. §1983 (Counts I and II) are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2).

4. Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**, except as to Defendant Montgomery County Board of Commissioners, which is **DISMISSED** from this lawsuit with **PREJUDICE**; and

5. This lawsuit is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 10/2/12   *s/ Timothy S. Black*

Timothy S. Black
United States District Judge